# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:19-CR-00074-RP** |
| | § | |
| **(1) JESSE FUENTES,** | § | |
| *Defendant* | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 56. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.      BACKGROUND

### A.      Timeline from the USPO's Adjustment Summary[1]

On September 5, 2019, the offender appeared before the Honorable Robert Pitman, United States District Judge for sentencing, after pleading guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1). He was sentenced to

---

[1] Dkt. 67. At the hearing on the petition, Defendant stipulated to the accuracy of the facts alleged in support of the violations for which he is pleading true. Because these documents and the USPO petition are filed under seal, the Court files this R&R under seal as well.

1

84 months imprisonment, followed by three years of supervised release with special conditions to include that he submits to search and seizure, participates in a substance-abuse treatment, mental-health treatment, take any prescribed medication as directed, shall not associate or have contact with members of the Tango Blast or any other gang, and a $100 special-assessment fee (satisfied).

On August 1, 2025, the offender's supervision commenced in the Austin Division.

On August 4, 2025, the offender reported to the probation office and an intake was conducted. All the offender's conditions of release were reviewed and explained to him. Fuentes acknowledged understanding all his conditions and agreed to comply.

On September 3, 2025, the offender began attending substance-abuse and mental-health treatment.

On September 8, 2025, the offender submitted a urine specimen that tested positive for cocaine. He admitted verbally and in writing to using cocaine with a friend on September 6, 2025.

On September 26, 2025, a Report on Offender Under Supervision was filed notifying the Court of said positive urine specimen for cocaine. No Court action was taken, and he was allowed to continue attending substance-abuse and mental-health treatment.

On September 16, 2026, the offender began attending employment-assistance services through Goodwill.

On January 13, 2026, the probation officer contacted the offender's Goodwill employment-assistance case manager who stated that the offender stopped responding to his calls and text messages since mid-December 2025.

On January 15. 2026, a Petition for Warrant or Summons for Offender Under Supervision was filed notifying the Court of the offender's … use of cocaine, and failure to find employment since his start of supervision. On the same date, a federal warrant was issued.

On January 22, 2026, the offender reported to the probation office where the federal warrant was executed, and he was taken into the custody of the United States Marshal's Service.

On February 6, 2026, the defendant was continued on supervision, and his conditions were modified to include a 180-day term in the location monitoring program.

On May 7, 2026, a Petition for Warrant or Summons for offender Under Supervision was filed notifying the Court of the offender's … cocaine usage, and failure to find employment since the start of his supervision. On May 8, 2026, a supervised release violation warrant was issued and executed.

**B.     Hearing on USPO's Petition**

The undersigned set the petition for hearing to be held on June 2, 2026. Dkt. 72. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Horatio Aldredge; Assistant U.S. Attorney Grant Sparks; and USPO Officer James Lofland. During the hearing Defendant waived his preliminary hearing

3

and his right to be present before the United States District Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his understanding of the charges and penalties he faced, Defendant pleaded "True" to violating Mandatory Conditions 2 and 3 and Standard Condition 7.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel recommended a continuing his term of supervised release or imposing a sentence at the low end or below the guideline range of 8-14 months, with no term of supervised release to follow. AUSA Sparks urged the Court to impose a sentence within the guideline range and agreed that no term of supervised release should follow. Officer Lofland did not have anything to add to what had already been filed. The undersigned stated on the record the intention to recommend that the District Judge revoke Defendant's supervised release and impose a period of imprisonment of 8 months with no additional term of supervised release.

## II.    FINDINGS OF THE COURT

1.  Probable cause exists for the alleged violations of Mandatory Conditions 2 and 3 and Standard Condition 7, as set out in the petition.

2.  The most serious violation under the petition is a Grade C, and Defendant's criminal history category is VI.

3.  Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4.  Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

## III.    FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553(a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8.    The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

## IV.    RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 56, and **REVOKE** Defendant's term of supervised release, and impose a sentence of imprisonment of 8 months with no additional term of supervised release.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report

and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 2, 2026.


_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE